UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JASON WILLIAM GOUDLOCK, | ) | CASE NO. 1:13cv1215 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| DANA BLANKENSHIP, et al, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Plaintiff Jason William Goudlock filed this action under 42 U.S.C. § 1983 against Mansfield Correctional Institution ("MANCI") Corrections Officer Dana Blankenship and MANCI Warden Terry Tibbals. In the complaint, plaintiff alleges he was assaulted by MANCI corrections officers. (Doc. No. 1.) He claims Officer Blankenship issued a conduct report to him, for which he was later found guilty. Tibbals upheld the conduct violation on appeal. Although plaintiff does not specify the legal claims he intended to pursue in this action, the court liberally construes his complaint as an attempt to assert violations of the Eighth and Fourteenth Amendments. Plaintiff seeks monetary damages and expungement of his prison disciplinary record. In addition, plaintiff seeks appointment of counsel. (Doc. No. 3.)

I.  **Background**

Plaintiff claims corrections officers assaulted him on April 12, 2013. He alleges Officer Blankenship and another officer came to his cell to investigate the theft of

his cellmate's television. Plaintiff states Officer Blankenship attempted to question him, but he kept repeating, "I don't have anything to say." (Doc. No. 1 at 4.) Plaintiff indicates that after a few minutes of this behavior, another corrections officer told him to "shut the f*** up," to which plaintiff invited the officer to "shut the f*** up." At that point, plaintiff's cellmate was removed from the cell and plaintiff was locked inside. He claims he heard Officer Blankenship speaking to his cellmate and insinuating plaintiff must have been responsible for the theft because he was acting suspiciously. Plaintiff claims he warned the officer, "Don't even try it." (*Id.*)

Immediately thereafter, Officer Blankenship unlocked the door and entered the cell with Officer Nuebacher. Officer Nuebacher ordered him to get to the back of his cell. Plaintiff alleges that although he was attempting to cooperate with the order, Officer Nuebacher sprayed him with mace. He claims a squad of unidentified corrections officers then rushed into his cell and began violently punching him in the head and torso. He fell to the floor and the officers continued to assault him. He claims one of the officers caused him to hit his head on the bottom bunk frame. He indicates he heard Officer Blankenship nearby yelling for him to "stop resisting." (Doc. No. 1 at 5.) Plaintiff was eventually handcuffed.

Plaintiff claims Officer Blankenship wrote a conduct report against him charging him with a rules infraction. He does not indicate which rule he was charged with violating. The Rules Infraction Board found him guilty of the charge. He appealed that decision to the Warden, Terry Tibbals, who affirmed the guilty finding. Plaintiff asserts this action violated his "right to be legally, duly processed." (Doc. No. 1 at 5.) He claims this decision will make him a target of reprisals from MANCI employees.

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest that clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable basis in fact when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court further explained the "plausibility" requirement, stating that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.  Analysis

While plaintiff does not identify the specific legal claims he intends to pursue in this action, he describes an assault by corrections officers that could be deemed as an assertion of a claim for use of excessive force under the Eighth Amendment. Furthermore, he mentions he was denied his "right to be legally, duly processed." (Doc. No. 1 at 5.) The Court liberally construes this statement as an attempt to assert a claim for denial of due process.

#### A.  Eighth Amendment

Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts that, if true, establish a sufficiently serious deprivation. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate

indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The standard used to analyze "excessive force" claims under the Eighth Amendment requires the Court to determine whether the officer acted in a good faith effort to maintain or restore discipline, or whether he or she acted maliciously and sadistically to cause harm. *Hudson*, 503 U.S. at 9. Although prison officials may often be required to use physical contact to ensure prison security, they can violate the Eighth Amendment if the contact represents an "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Not every offensive action by a corrections officer, however, will violate the Eighth Amendment:

> [O]fficials confronted with a prison disturbance must balance the threat [that] unrest poses to inmates, prison workers, administrators, and visitors against the harm inmates may suffer if guards use force. Because prison officials must make their decisions in haste, under pressure, and frequently without the luxury of a second chance, we must grant them wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.

*Combs v. Wilkinson*, 315 F.3d 548, 557 (6th Cir. 2002) (first alteration in original) (citations and internal quotation marks omitted). The issue is therefore not whether the

use of force was absolutely necessary in hindsight, but "whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley*, 475 U.S. at 321; *Griffin v. Hardrick*, 604 F.3d 949, 954 (6th Cir. 2010).

Here, plaintiff states a plausible claim against Officer Blankenship for use of excessive force. Although he is unsure if she actually participated in the assault, he contends he knew she was nearby because she was "yelling at the top of her lungs for [him] to 'stop resisting.'" (Doc. No. 1 at 5.) To state a claim for relief, plaintiff need not prove the corrections officer actively participated in the assault. An officer who is present when another officer uses improper force and fails to intervene, also may be held liable for excessive force under § 1983. *See Bruner v. Dunaway*, 685 F.2d 422, 426 (6th Cir. 1982) ("[I]t is not necessary, in order to hold a police officer liable under § 1983, to demonstrate that the officer actively participated in striking a plaintiff."); s*ee also McHenry v. Chadwick*, 896 F.2d 184, 188 (6th Cir. 1990) ("Applying *Brune*r to the prison context, a correctional officer who observes an unlawful beating may, nevertheless, be held liable under § 1983 without actively participating in the unlawful beating."); *Fletcher v. Vandyne*, No. 2:07–CV–325, 2009 WL 1687956, *12 (S.D. Ohio June 11, 2009) (same). Plaintiff alleges sufficient facts to suggest a plausible claim against Officer Blankenship under the Eighth Amendment.

### B. Due Process

Finally, plaintiff contends he was denied due process. The Fourteenth Amendment provides that a state may not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. In addition to setting the

procedural minimum for deprivations of life, liberty, or property, the Due Process Clause bars "certain government actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). It does not prohibit every deprivation by the government of a person's life, liberty or property. *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994). Only those deprivations that are conducted without due process are subject to suit under 42 U.S.C. § 1983. *Id*.

The Due Process Clause has a procedural component and a substantive one. The two components are distinct from each other because each has different objectives, and each imposes different constitutional limitations on government power. A procedural due process limitation, unlike its substantive counterpart, does not require that the government refrain from infringing upon a person's life, liberty, or property interest. It simply requires that the government provide "due process" before such infringement. *Howard v. Grinage*, 82 F.3d 1343, 1349–1353 (6th Cir. 1996). The goal is to minimize the risk of erroneous deprivation, to assure fairness in the decision-making process, and to assure that the individual affected has a participatory role in the process. *Id*. Procedural due process requires that an individual be given the opportunity to be heard "in a meaningful manner." *See Loudermill v. Cleveland Bd. of Educ.*, 721 F.2d 550, 563 (6th Cir.1983). Many procedural due process claims are grounded on violations of state-created rights, or rights that do not enjoy constitutional standing. *See id*. The rationale for granting procedural protection to an interest that does not rise to the level of a fundamental right is to prevent the arbitrary use of government power. *Howard*, 82 F.3d at 1349. Procedural due process claims do not consider the egregiousness of the deprivation itself, but only question whether the process accorded prior to the deprivation

was constitutionally sufficient. *Id*. at 1350. Although the existence of a protected liberty or property interest is the threshold determination, the focus of this inquiry centers on the process provided, rather than on the nature of the right.

Substantive due process, on the other hand, serves the goal of preventing "governmental power from being used for purposes of oppression," regardless of the fairness of the procedures used. *See Daniels v. Williams*, 474 U.S. 327, 331 (1986). Substantive due process serves as a vehicle to limit various aspects of potentially oppressive government action. *Id*. It serves as a check on legislation that infringes on fundamental rights otherwise not explicitly protected by the Bill of Rights; or as a check on official misconduct that infringes on a "fundamental right;" or as a limitation on official misconduct, which although not infringing on a fundamental right, is so literally "conscience shocking" as to rise to the level of a constitutional violation. *Howard*, 82 F.3d at 1349.

### 1. Procedural Due Process

Plaintiff claims he was found guilty of a conduct violation but does not elaborate on the sanctions imposed on him. Prisoners have narrower liberty and property interests than other citizens as "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). The question of what process is due is answered only if the inmate establishes a deprivation of a constitutionally protected liberty or property interest. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

The Due Process Clause, standing alone, confers no liberty or property

interest in freedom from government action taken within the sentence imposed. *Sandin*, 515 U.S. at 480. "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Id.* at 485. "[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson*, 545 U.S. at 221.

Generally, unless the disciplinary action is accompanied by a withdrawal of good time credits or is for a significant period of time that presents an unusual hardship on the inmate, no liberty or property interest will be found in the case. *Sandin*, 515 U.S. at 484. Where good time credits are at stake, due process requires only that a prisoner receive: (1) written notice of the hearing at least twenty-four hours in advance; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reason for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974). Further, some evidence must exist to support the disciplinary conviction. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455-56 (1985).

Plaintiff does not provide much information in his complaint about the disciplinary hearing. He does not indicate with which rule infraction he was charged. He does not describe the disciplinary process he received and does not detail the sanctions imposed on him as a result of the guilty finding. Plaintiff does not allege sufficient information to suggest defendants deprived him of a protected liberty interest in the course of his Rules Infraction Board proceeding. His complaint does not aver that his procedural due process rights were violated.

### 2. Substantive Due Process

Plaintiff's substantive due process claim is also subject to dismissal. Substantive due process violations include "official acts which may not occur regardless of the procedural safeguards accompanying them," even when no specific denial of a constitutional guarantee or fundamental right is alleged. *Mertik v. Blalock*, 983 F.2d 1353, 1367 (6th Cir. 1993). The test for such claims is whether the conduct complained of "shocks the conscience of the court." *Id*. (citation omitted). Accordingly, a citizen does not suffer a constitutional deprivation every time he is subjected to some form of harassment by a government agent. *Parate v. Isibor*, 868 F.2d 821, 833 (6th Cir. 1989). The conduct asserted must be "so severe, so disproportionate to the need presented, and such an abuse of authority as to transcend the bounds of ordinary tort law and establish a deprivation of constitutional rights." *Id*.

Plaintiff does not suggest defendants deprived him of a fundamental right, so any substantive due process claim he may be asserting must arise from conduct so severe that it shocks the conscience. Plaintiff has, however, asserted a substantially similar claim under the Eighth Amendment, which this Court already considered. The Supreme Court has stated that "[a]ny protection that 'substantive due process' affords convicted prisoners against excessive force is, we have held, at best redundant of that provided by the Eighth Amendment." *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989). Applying this reasoning in the Fourth Amendment context, the Court stated, "Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these

claims." *Id*. Plaintiff's substantive due process claim is duplicative of his Eighth Amendment claim and is dismissed.

### C. Appointment of Counsel

There is no constitutional right to the appointment of counsel in a civil case. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). In "exceptional circumstances," however, the Court may appoint counsel. *Id*. at 606; *see also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). To determine whether to appoint counsel, courts should consider the type of case and the ability of the plaintiff to represent himself. *Lanier*, 332 F.3d at 1006.

At this early stage of the proceedings, the Court finds that the issues presented are not so complex as to require appointment of counsel. Plaintiff has shown the ability to express himself clearly and concisely. Accordingly, the "exceptional circumstances" justifying appointment of counsel are not, at this time, present in this case. Plaintiff's motion for appointment of counsel is denied without prejudice.

### IV.   Conclusion

For all the foregoing reasons, plaintiff's motion for appointment of counsel is **DENIED WITHOUT PREJUDICE**.

Plaintiff's claims for denial of due process are **DISMISSED** pursuant to 28 U.S.C. §1915(e). Because no other viable claims remain against defendant Terry Tibbals, he is dismissed from this action. The Court certifies that this is a final judgment as to the due process claims and the claims against defendant Terry Tibbals and that there is no just reason for delay. Additionally, the Court certifies, pursuant to 28 U.S.C.

§1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

This action shall proceed solely against Dana Blankenship on plaintiff's Eighth Amendment claim for use of excessive force. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon the defendant.

**IT IS SO ORDERED**.


Dated: January 29, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides, in pertinent part, "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."