UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JASON WILLIAM GOUDLOCK, | ) | CASE NO. 1:13-cv-1215 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | ORDER AND OPINION |
| DANA BLANKENSHIP, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on two appeals filed by plaintiff Jason William Goudlock pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and Local Rule 72.3. Plaintiff has appealed the order denying him leave to depose defendants. (Doc. No. 45.) Defendants have filed a response. (Doc. No. 50.) Plaintiff has also appealed the order denying his motion for appointment of counsel. (Doc. No. 46.) Defendants have not filed a response.

I.  Background

Both appeals relate to the Non-Document Order issued by Magistrate Judge Kathleen B. Burke on July 2, 2014. The order provides as follows: "Plaintiff's Motion for an Order Compelling Discovery (Related Doc. # 24); Plaintiff's Motion for leave to depose defendants (Related Doc. # 26); Plaintiff's Motion for appointment of counsel (Related Doc. # 27) are all denied as moot. Plaintiff's affidavit filed on July 2, 2014 (Doc. # 32), indicates that he has received a response to discovery." (Non-Document Order, July 2, 2014.)

In his timely appeal of the order denying leave to depose, plaintiff argues that the magistrate judge "rendered her Order prematurely" before reviewing plaintiff's reply brief in

support of his motion. (Doc. No. 45 at 203; Doc. No. 35.) Because the discovery provided by defendants was both late and "useless," Goudlock contends that he should be given leave to depose defendants. (Doc. No. 45 at 202.)

In his timely appeal of the order denying appointment of counsel, plaintiff states that the magistrate judge has demonstrated "total disregard" for his rights by twice denying his motions for appointment of counsel. (Doc. No. 46 at 208.) With the addition of five defendants in his amended complaint, Goudlock alleges that his case has become complex and requires the appointment of counsel. In ruling that Goudlock's motion for counsel was mooted by his receipt of discovery materials, he contends the magistrate judge "ignored" the merits of his motion. (*Id*. at 206.) Additionally, Goudlock claims defendants have repeatedly thwarted his attempts to conduct discovery, and he must be appointed counsel to ensure that defendants' tactics are not permitted to continue. (*Id*. at 207-08.)

II.     Law and Analysis

Upon timely objection, a district judge may reconsider any nondispositive matter that has been referred to a magistrate judge to hear and decide. Review of such nondispositive matters "provides considerable deference to the determinations of magistrates." *In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995). If the magistrate judge's order is clearly erroneous or contrary to law, a district judge may modify or set aside any part of the order. Fed. R. Civ. P. 71(a). "A ruling is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Battle v. Chicago Cycle, Inc.*, No. 1:11MC61, 2012 WL 5500507, at *3 (N.D. Ohio Nov. 13, 2012) (citation and quotation marks omitted).

The magistrate judge did not err in denying Goudlock's motion for appointment

of counsel and motion to depose defendants. As this Court and the magistrate judge have repeatedly noted, appointment of counsel in a civil case is not a constitutional right and is justified only by exceptional circumstances. *See Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). Additionally, "while a *pro se* prisoner in a § 1983 suit may utilize any discovery methods prescribed by the Federal Rules of Civil Procedure, he is subject to the same terms and conditions as any other civil litigant, including paying for his own discovery costs[.]" *Reynosa v. Smith*, No. 4:06-cv-106, 2006 WL 3456667, at *2 (W.D. Mich. Nov. 27, 2006) (citation and quotation omitted).

    Goudlock has no constitutional right to counsel and no right to conduct depositions for which he admits he cannot pay. The magistrate judge therefore committed no clear error in denying Goudlock appointment of counsel and leave to depose defendants.

    Goudlock's objections provide no basis upon which to modify or set aside the orders of the magistrate judge. He claims that the increased number of defendants necessitates appointment of counsel. Adding five defendants, however, does not provide exceptional circumstances justifying the appointment of counsel, particularly when plaintiff's legal theories have not become any more complex. Accordingly, the magistrate judge did not err in denying Goudlock's motion for appointment of counsel.

    Goudlock claims that he must be given leave to depose defendants because of their deficient discovery responses. The docket reflects that none of the five additional defendants has been served with the summons and complaint and accordingly have not yet had an opportunity to provide written discovery. Moreover, Goudlock cannot pay for the depositions of these additional defendants or defendant Dana Blankenship. The Court has no authority to finance these depositions; therefore, the magistrate judge did not err in denying Goudlock leave

to depose defendants.

Finally, Goudlock—despite his protestations to the contrary—has been able to participate in discovery without deposing defendants and without counsel. He has propounded interrogatories and has received answers. On the same day Goudlock's appeals were filed, the magistrate judge ordered defendant Blankenship to provide substantive responses to plaintiff's interrogatories, thus addressing plaintiff's complaint that the responses were "useless."

III. Conclusion

Plaintiff has not provided any justification for modifying or setting aside the orders of Magistrate Judge Burke. Goudlock's objections are therefore OVERRULED.

**IT IS SO ORDERED**.

Dated: July 25, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**