UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JASON WILLIAM GOUDLOCK, | ) | CASE NO. 1:13-cv-1215 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| DANA BLANKENSHIP, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on defendants' motion for summary judgment on plaintiff's amended complaint alleging, pursuant to 42 U.S.C. § 1983, that defendants violated plaintiff's constitutional rights under the Eighth Amendment of the United States Constitution.[1] (Doc. No. 87 ["Mot."].) Plaintiff opposed defendants' motion (Doc. No. 91 ["Opp'n"]), to which defendants replied (Doc. No. 92 ["Reply"]). For the reasons that follow, the motion is granted in part, denied in part without prejudice, and additional briefing ordered.

I. BACKGROUND

Plaintiff Jason William Goudlock ("plaintiff" or "Goudlock") is currently confined in the Trumbull Correctional Institution in Leavittsburg, Ohio. Plaintiff alleges in his amended complaint that defendants violated his constitutional rights under the Eighth Amendment to be free from cruel and unusual punishment in connection with events arising

---

[1] The magistrate judge issued a report and recommendation, to which plaintiff objected and defendants responded. (Doc. Nos. 93, 94, and 95.) However, the magistrate judge has vacated the report and recommendation. (Non-document order dated September 28, 2015.) Therefore, this matter is before the Court directly on defendants' motion.

from an investigation on April 12, 2013. (Doc. No. 20-2[2] Verified Amended Complaint[3] ["AC"] ¶¶ 11-12.) On that date, plaintiff was confined at the Mansfield Correctional Institution ("MCI") and all of the defendants—Dana Blankenship ("Blankenship"), Matthew Neubacher ("Neubacher"), Justin Henry ("Henry"), Jamihia Young ("Young"), Keirra Belcher ("Belcher"), and Ronald Lodwick ("Lodwick") (collectively "defendants")—were correctional officers at MCI. (AC ¶¶ 4-9.).

Briefly, plaintiff alleges that Neubacher entered his cell and, unprovoked, sprayed him with mace.[4] (AC ¶ 14.) After being sprayed, plaintiff alleges that the defendants repeatedly punched him in the head and torso both before and after plaintiff was handcuffed, and that after he was handcuffed, one of the officers hit his head on the bed frame. (AC ¶¶ 14-15.) Plaintiff claims that this conduct violated his rights under the Eight Amendment and caused pain and suffering. (AC ¶¶ 20-21.) Finally, plaintiff claims that Blankenship falsified a report regarding the incident (AC ¶ 16), and violated plaintiff's Eight Amendment rights because she did not intervene in Neubacher's "misconduct," causing him pain and suffering. (AC ¶ 19.).

In their motion, defendants deny that plaintiff was beaten, and maintain that they are entitled to judgment as a matter of law because the force that was used was deployed in a good-faith effort to maintain and restore discipline, and that plaintiff was not injured. (Mot. at

---

[2] Plaintiff's amended complaint, filed at Doc. No. 20-1, has pages missing and is incomplete. The amended complaint filed at Doc. No. 20-2 is complete, and the Court will refer to this complete document when referencing plaintiff's amended complaint.

[3] A verified amended complaint carries the same weight as an affidavit for purposes of summary judgment analysis. *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (citing *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993)).

[4] In the pleadings and documents filed in connection with defendants' summary judgment motion, this chemical agent is also referred to as "pepper-spray" and "OC."

448-53.[5]) Blankenship contends that she is entitled to summary judgment on plaintiff's claims that she failed to intervene in the alleged assault and that she filed a false conduct report because plaintiff cannot establish the elements necessary to prove his failure to intervene claim, and because plaintiff has no constitutional right to any particular quality of conduct report. (Mot. 453-55.) Finally, defendants argue that they are entitled to qualified immunity. (Mot. at 455-56.).

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if its resolution affects the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If a reasonable jury could return a verdict for the nonmoving party, then summary judgment is not appropriate. *Id.*

The moving party must provide evidence to the court which demonstrates the absence of a genuine dispute as to any material fact. Once the moving party meets this initial burden, the opposing party must come forward with specific evidence showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Anderson*, 477 U.S. at 250. The nonmoving party may oppose a summary judgment motion "by any of the kinds of evidentiary material listed in Rule 56(c), except the mere

---

[5] All references to page numbers are to the page identification numbers generated by the Court's electronic filing system.

pleadings themselves[.]" *Celotex*, 477 U.S. at 324. The Court must view all facts and evidence, and inferences that may be reasonably drawn therefrom, in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S. Ct. 993, 8 L. Ed. 2d 176 (1962).

General averments or conclusory allegations of an affidavit do not create specific fact disputes for summary judgment purposes. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990). "Summary judgment requires that a plaintiff present more than a scintilla of evidence to demonstrate each element of a prima facie case." *Garza v. Norfolk S. Ry. Co.* 536 F. App'x 517, 519 (6th Cir. 2013) (citing *Van Gorder v. Grand Trunk W. R.R.*, 509 F.3d 265, 268 (6th Cir. 2007)). "'The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party].'" *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989) (*quoting Anderson*, 477 U.S. at 252).

Summary judgment is required:

> against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party bears the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is entitled to judgment as a matter of law because the nonmoving party has failed to make a sufficient showing of an essential element of [his] case with respect to which [he] has the burden of proof.

*Celotex,* 477 U.S. at 322-23 (internal quotation marks and citation omitted).

The district court's review on summary judgment is a threshold inquiry to determine whether there is the need for a trial due to genuine factual issues that must be resolved by a finder of fact because those issues may reasonably be resolved in favor of either party. *Anderson*, 477 U.S. at 250. Put another way, this Court must determine "whether the evidence

4

presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52; *see also Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 578 (6th Cir. 2003).

**B. Eighth Amendment**

As a prison inmate, Goudlock has a constitutional right under the Eighth Amendment to be free from the use of excessive force by prison officials. *Whitley v. Albers*, 475 U.S. 312, 318-19, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986); *Perkins v. Alexander*, No. 5:08-CV-2034, 2009 WL 3489908, at *4 (N.D. Ohio Oct. 22, 2009) (the Eighth Amendment sets the standard for a convicted prisoner's excessive force claim). The standard used to analyze "excessive force" claims under the Eighth Amendment requires the Court to determine whether the officer acted in a good faith effort to maintain or restore discipline, or whether he or she acted maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (citations omitted); *Wilkins v. Gaddy*, 559 U.S. 34, 38, 130 S. Ct. 1175, 175 L. Ed. 2d 995 (2010) (citations omitted); *Perkins*, 2009 WL 3489908, at *4 (quoting *Whitley*, 475 U.S. at 319). Although prison officials may often be required to use physical contact to ensure prison security, they can violate the Eighth Amendment if the contact represents an "unnecessary and wanton infliction of pain[.]" *Hudson*, 503 U.S. at 7 (quotation marks and citations omitted).

**C. April 12, 2013 Incident**

The events at issue in this case were triggered by an investigation into the theft of Goudlock's cell-mate's television. There is no dispute that Blankenship unlocked plaintiff's cell door to question him about the theft, or that Goudlock declined to talk with Blankenship about

the matter. (AC ¶¶ 12-13.) There is also no dispute that in response to Goudlock's remarks to Blankenship, another corrections officer told Goudlock to "shut the f*** up," and Goudlock "invit[ed] [the officer] to do the same[.]" (AC ¶ 13; Doc. 91-17 (Affidavit of Plaintiff Goudlock (["Pltf. Aff."]) ¶ 4.).

Goudlock was then locked back inside the cell while his cell-mate stood outside the cell and talked with Blankenship. (AC ¶¶ 13-14.) When Blankenship insinuated to Goudlock's cell-mate that Goudlock had something to do with the theft, plaintiff "defended" himself, stating: "Don't even try it." (AC ¶ 14; Pltf. Aff. ¶¶ 4-5.).

Goudlock and defendants agree that, upon the opening of Goudlock's cell door,[6] Neubacher issued a direct order to Goudlock to go to the back of his cell. (AC ¶ 14; Pltf. Aff. ¶ 5; *see* Doc. No. 87-9 (Neubacher Response to Interrogatories ["Neubacher Resp."] ¶ 3.) But here their agreement ends. Goudlock avers that he "was fully being compliant with the direct order, [and] Officer Neubacher snuck up behind me and wantonly sprayed me in the face with a large can of pepper-spray[.]" (Pltf. Aff. ¶ 5.) Plaintiff argues that because he complied with the order, it was not necessary for Neubacher to pepper-spray him in order to maintain or restore order. (Opp'n at 529-30.) Neubacher, on the other hand, contends that plaintiff initially complied with his order, "but then turned aggressively towards me." (Neubacher Resp. ¶ 3.).

After the pepper-spray was deployed, plaintiff claims that the defendants began punching him in his head and torso, and after he fell to the floor, they continued to punch and knee him. (AC ¶¶ 14-15; Pltf. Aff. ¶¶ 5-6.) Defendants deny that plaintiff was punched, kneed or

---

[6] There is a disagreement between the parties as to whether Blankenship unlocked the cell door or Goudlock kicked it open. However, for purposes of summary judgment, defendants agree that plaintiff did not kick the cell door open. (Mot. at 444.).

kicked. (*See* 87-11 (Belcher's Response to Request for Admissions ["Belcher Adm."]) ¶ 4.) Defendants claim that plaintiff grabbed the bedpost and resisted being handcuffed. As a consequence, defendants admit that Henry administered "multiple" hammer fist strikes to gain plaintiff's compliance. (Doc. No. 87-5 (Henry Response to Interrogatories ["Henry Resp."]) ¶¶ 9-10.).

Plaintiff further avers that after he was handcuffed, defendants continued to punch and knee him, and hit his head on the bed frame. (AC ¶ 15; Pltf. Aff. ¶ 6.) Plaintiff asserts that during the alleged beating, an officer yelled at him to "stop resisting," but plaintiff states that "I was laying on the floor being beat, not resisting, whatsoever." (AC ¶ 15.) Defendants deny that plaintiff was beaten after he was handcuffed. (*See* Henry Resp. ¶ 16.).

After he was pepper-sprayed, the nurse at MCI noted that plaintiff's eyes were red, and treated him by flushing his eyes, wiping his face, and placing him in fresh air. (Doc. No. 87-12 (Medical Exam Report ["Med. Rpt."]) at 514.) Defendants Neubacher and Henry also had teary eyes and trouble seeing, as well as difficulty breathing, after the pepper-spray was deployed. (*See* Doc. No. 91-12 (Lodwick Use of Force Testimony ["Lodwick Test."]) at 586-87.) The medical report reveals no injuries to plaintiff other than the effects of the pepper-spray, but plaintiff contends that he suffered contusions and "temporary" injuries from the alleged beating. (Opp'n at 531.).

Blankenship prepared a conduct report regarding these events, reporting a violation of Rule 21—Disobedience of a direct order. (Doc. No. 91-5 ["Conduct Rpt."].) The report states that Goudlock did not comply with Blankenship's orders to step out of his cell and to stop talking, and disobeyed Neubacher's order to step to the back of his cell.  The conduct

report also states that after Blankenship opened the cell door to permit Goudlock's cell mate to enter, Goudlock kicked the door open. (Conduct Rpt. at 554.).

A Rules Infraction Board ("RIB") hearing was conducted to consider the Rule 21 charge against plaintiff. The transcript of the RIB hearing indicates that plaintiff was charged with violating both Rule 21 and Rule 20—"disobedience of a direct order, physical resistance of a direct order." (Doc. No. 91-11 (Rules Infraction Board Audio Transcript[7] ["Tr."] at 573; *see also* Opp'n at 533.) A conduct report with respect to the Rule 20 violation, if one exists, does not appear in the record.

Goudlock pled "not guilty" to these charges. (Tr. at 574.) At the RIB hearing, Goudlock was afforded an opportunity to be heard on his own behalf and to question Blankenship. (Tr. at 574-79.) After consideration, the RIB recommended a finding that Goudlock was guilty of the Rule 20 and 21 violations, and imposed "[s]even days DC, credit time served SE in 4-12, out 4-18." (Tr. at 580.) Goudlock appealed the RIB finding to the warden, Terry Tibbals, but the warden affirmed the RIB. (Doc. No. 1 at 5.) Plaintiff claims that when he appeared before the Ohio Parole Board for his fifth release consideration, "the Parole Board cited the April 12, 2013, incident as a key rationale for issuing the Plaintiff a controversial 60-month sentence continuation." (Opp'n at 534.) The Parole Board's decision is not before the Court.

At this time, the Court declines to rule on defendants' motion for summary judgment on plaintiff's Eight Amendment claim regarding the events of April 12, 2013. The parties have not briefed the issue of whether plaintiff's § 1983 claim is not cognizable because a

---

[7] The audio recording of Goudlock's RIB hearing was transcribed by Carla Castle, a professional court reporter with Higgins & Associates. (Tr. at 582.) Goudlock filed an affidavit authenticating all of the exhibits filed in support of his opposition to defendants' summary judgment motion. (Doc. No. 91-25.).

favorable ruling on that claim would imply the invalidity of his disciplinary conviction regarding the same conduct that is at issue in this case with respect to plaintiff's excessive force claims. *See Beckham v. Keaton*, Civil Action No. 14-CV-159-HRW, 2015 WL 1061597, at *5-6 (E.D. Ky. Mar. 10, 2015) (citing *Huey v. Stine*, 230 F.3d 226, 230-31 (6th Cir. 2000); *Lewis v. Pendell*, 90 F. App'x 882, 883 (6th Cir. 2004); *Denham v. Shroad*, 56 F. App'x 692, 693 (6th Cir. 2003)); *see also Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004) (plaintiff's claim lacks merit because favorable ruling on plaintiff's Eight Amendment claim that he was pepper-sprayed without provocation would imply the invalidity of his disciplinary conviction finding that he had disobeyed a direct order).

The parties are ordered to provide the Court with briefs regarding the applicability of this issue to the instant action. Defendants' brief shall be filed by October 19, 2015. Any response by plaintiff shall be filed by November 16, 2015, and any reply by defendants shall be filed by December 4, 2015. Defendants' motion for summary judgment with respect to plaintiff's Eighth Amendment excessive force claims regarding the events of April 12, 2013 is denied without prejudice and with leave to reassert the motion on that basis. Defendants' motion for summary judgment on the basis of qualified immunity is also denied without prejudice and with leave to reassert that argument.

**D. Blankenship's "Failure" to Intervene**

Plaintiff claims that Blankenship witnessed, failed to correct, and encouraged "the misconduct of Defendant Matthew Neubacher[.]" (AC ¶ 19.) In opposing defendants' motion for summary judgment, plaintiff also claims that Blankenship failed to intervene in the alleged beating. (Opp'n at 533.) In addition, Goudlock alleges that Blankenship filed a false institutional

conduct report (AC ¶ 16), and in opposing defendants' motion for summary judgment, plaintiff also claims that Blankenship gave false testimony at Goudlock's RIB disciplinary hearing regarding the events of April 12, 2013, and as a consequence, plaintiff was found guilty and issued disciplinary sanctions and was denied parole in his fifth attempt to be released (Opp'n at 533-34.) Defendants' motion for summary judgment is granted as to these claims.

Blankenship did not participate in the pepper-spraying of plaintiff, and her mere presence cannot subject her to liability with respect to that incident absent a showing of direct responsibility. *Burgess v. Fischer*, 735 F.3d 462, 475 (6th Cir. 2013) (citing *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010)). To make such a showing, plaintiff must show that Blankenship either supervised Neubacher or owed plaintiff a duty of care. *Id*. (citing *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997)). Plaintiff has neither alleged nor advanced any evidence that Blankenship supervised Neubacher, or for that matter, any of the other defendants.

To establish that Blankenship owed Goudlock a duty of care, plaintiff must show that Blankenship had reason to know that excessive force would be or was being used, and the opportunity and means to stop the harm. *Id.* (quotation marks and citation omitted). Plaintiff has established the contrary. Goudlock claims that after he told Blankenship "don't even try it" and his cell door was opened, Neubacher "appeared out of nowhere" and advances discovery evidence that Neubacher "reacted instantly" when plaintiff allegedly kicked his cell door open. (AC ¶ 14; Doc. No. 97-10 (Neubacher Response to Request for Admissions ["Neubacher Adm."]) ¶ 3.) Plaintiff advances no evidence that Blankenship knew that Neubacher would deploy the pepper-spray or had an opportunity to stop him. "[C]ourts have been unwilling to impose a duty to intervene [when] an entire incident unfolds 'in a matter of seconds.'" *Ontha v.*

*Rutherford County, TN*, 222 F. App'x 498, 506 (6th Cir. 2007) (quoting *Gaudreault v. Municipality of Salem*, 923 F.2d 203, 207 n.3 (1st Cir. 1990) (collecting cases)).

Plaintiff has not advanced any evidence that would demonstrate there is a genuine dispute of material fact as to his claim that Blankenship failed to intervene with respect to the pepper-spray. Accordingly, defendants are entitled to judgment as a matter of law on that claim, whether or not plaintiff would be able to establish that Neubacher's use of pepper-spray violated plaintiff's Eighth Amendment rights.

To the extent that Goudlock alleges that Blankenship failed to intervene in the alleged beatings, in which Blankenship was an alleged participant, this claim also fails to survive summary judgment. Goudlock has advanced no evidence showing that Blankenship supervised the other defendants, knew in advance that the alleged excessive force would be applied to plaintiff, or owed plaintiff a duty that was different from or greater than the duty of any of the other defendants allegedly participating in the application of excessive force after plaintiff was pepper-sprayed.

To the extent that plaintiff has asserted a claim that Blankenship failed to intervene in the alleged use of excessive force against him after he was pepper-sprayed, plaintiff has failed to establish a genuine dispute of material fact. Accordingly, defendants are entitled to judgment as a matter of law on this claim, whether or not plaintiff would be able to establish that the force used against him violated his Eighth Amendment rights.

### E. Blankenship's "false" conduct report and "false" testimony

Goudlock also claims that Blankenship falsified the conduct report regarding the April 12, 2013 incident, and provided false testimony at his RIB hearing, thus violating his

constitutional rights. Blankenship's conduct report states that Goudlock did not comply with Blankenship's orders to step out of his cell and to stop talking, and disobeyed Neubacher's order to step to the back of his cell.  The conduct report also states that after Blankenship opened the cell door to permit Goudlock's cell mate to enter, Goudlock kicked the door open. (Conduct Rpt. at 554.).

Goudlock has not advanced any evidence that Blankenship did not order him to step out of his cell or that, if she gave that order, he complied with it. The only evidence advanced by plaintiff on this point indicates that he did not comply with the order to step from his cell, but rather, "stood in the doorway" and advised Blankenship that he did not wish to discuss the theft of the television. (AC ¶ 13; Pltf. Aff. ¶ 4.)  Plaintiff has also not advanced any evidence that the statement in the report—that he refused to cease talking in response to her order—is false.

Goudlock makes much of the issue of whether he did, or did not, kick his cell door open. Goudlock asserts that the conduct report falsely states that he kicked the door open, and that Blankenship gave false testimony at the RIB hearing in that regard. (Doc. No. 91-4 [Blankenship Testimony at Rules Infraction Board Hearing ["Blankenship RIB Testmny."].) The RIB did find plaintiff guilty of disobedience and physical resistance to a direct order, but the transcript of the RIB hearing indicates that the panel concluded that Goudlock did not kick the door open. (Tr. at 580.) So even if the statement is false, it was not a factor in the RIB's decision.

Finally, plaintiff contends that Blankenship's report, and testimony before the RIB, that he disobeyed Neubacher's order to go to the back of his cell, is false. That issue is a disputed fact with respect to plaintiff's excessive force claim. But even if plaintiff were to

12

establish that he did obey Neubacher's order, there is no clearly established constitutional right to a "correct" conduct report or to a certain kind of testimony at a subsequent hearing. *Tafari v. McCarthy*, 714 F. Supp. 2d 317, 372 (N.D.N.Y. 2010) ("A 'prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report.'") (quoting *Boddie v. Schneider*, 105 F.3d 857, 862 (2d Cir. 1997))); *Weatherspoon v. Woods*, No. 2:14-cv-142, 2014 WL 4956608, at *9 (W.D. Mich. Oct. 1, 2014) (no constitutional claim for false misconduct report unless false report filed in retaliation for protected conduct); *see also Crum v. Wilkinson*, No. 2:04-CV-249, 2006 WL 64607, at * 6 (S.D. Ohio Jan. 11, 2006) ("False accusations of misconduct filed against an inmate do not constitute a deprivation of constitutional rights where the charges are subsequently adjudicated in a fair hearing.") (citation omitted). Even if Blankenship's testimony at the hearing was false, plaintiff had an opportunity to question Blankenship at the hearing and plaintiff does not claim that the RIB hearing was not fairly conducted. Further, plaintiff had an opportunity to appeal the RIB finding that he violated Rules 20 and 21. In addition, to the extent that plaintiff contends that the disciplinary sanction imposed by the RIB caused the Parole Board to deny parole, constituting cruel and unusual punishment (Opp'n at 533-34), neither the Parole Board's decision, nor any other evidence, is before the Court to support plaintiff's conclusory claim.

Accordingly, the Court concludes that defendants are entitled to summary judgment with respect to plaintiff's claim that Blankenship prepared a false conduct report, and provided false testimony at the RIB hearing, regarding the events of April 12, 2013.

### III. CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is GRANTED as to plaintiff's claims that Blankenship failed to intervene, prepared a false conduct report, and gave false testimony at the RIB hearing.

Defendants' motion for summary judgment is DENIED WITHOUT PREJUDICE as to plaintiff's Eighth Amendment claim regarding the events of April 12, 2013, and as to qualified immunity, with leave to reassert their motion on those bases. The briefing ordered by the Court shall be filed by the parties as directed herein.

In addition, defendant Jamihia Young is dismissed from this case. At the time of a telephonic status conference on October 3, 2014, plaintiff had not yet perfected service upon defendant Jamihia Young. Magistrate Judge Burke instructed plaintiff regarding service on defendant Young, and warned plaintiff that failure to perfect service will result in the dismissal of Young from the case. (Doc. No. 83 at 428-29.) There is no evidence in the record that plaintiff has perfected service on defendant Young. Accordingly, defendant Jamihia Young is DISMISSED from this case.

**IT IS SO ORDERED**.

Dated: September 28, 2015

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**