IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JASON WILLIAM GOUDLOCK, | ) | CASE NO. 1:13CV1215 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| DANA BLANKENSHIP, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | **REPORT & RECOMMENDATION** |

This case has been referred to the undersigned for a recommendation on the issue whether the Eighth Amendment excessive force claims brought by *pro se* Plaintiff Jason Goudlock ("Goudlock") under 42 U.S.C. § 1983 are cognizable in light of *Heck v. Humphrey,* 512 U.S. 477 (1994). *See* Docs. 96, 102. Goudlock's Eighth Amendment claims would be barred under *Heck* if a ruling favorable to Goudlock on the merits of the claims would imply the invalidity of his prison disciplinary conviction. The undersigned has reviewed the parties' briefs (Docs. 98, 99, 100) and the applicable law and, for the reasons set forth below, recommends that the Court determine that the rule established in *Heck* bars Goudlock's excessive force claims that arise from Defendants' actions taken before Goudlock was handcuffed but does not bar his claim that is based on Defendants' actions after he was handcuffed.

**I.**

The facts concerning the incident that gave rise to this case, which occurred on April 12, 2013, at the Mansfield Correctional Institution ("MCI"), have been set forth fully in the Court's Memorandum Opinion and Order of September 28, 2015 (*see* Doc. 96, pp. 1-3, 5-8) and will not

be repeated here. Goudlock's Amended Complaint[1] alleges that Defendants, all corrections officers at MCI,[2] used excessive force against him on that date both before and after handcuffing him in his cell. Specifically, he alleges:

> Neubacher entered his cell and, unprovoked, sprayed him with mace.[] (AC ¶ 14.) After being sprayed, plaintiff alleges that the defendants repeatedly punched him in the head and torso both before and after plaintiff was handcuffed, and that after he was handcuffed, one of the officers hit his head on the bed frame. (AC ¶¶ 14-15.)

Doc. 96, p. 2 (Memorandum Opinion and Order, citing the Amended Complaint). As a result of the incident on April 12, MCI's Rules Infraction Board ("RIB") held a hearing and Goudlock was found guilty of violating a direct order and resistance to a direct order.

## II.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 486-487. The rule announced in *Heck* has been extended to apply to rulings issued in a prison-administration context, such as rulings in prison disciplinary proceedings. *See Edwards v.*

---

[1] Goudlock's Amended Complaint (Doc. 20-1) has pages missing and is incomplete. The Amended Complaint filed as Doc. 20-2 is complete, and the Court will refer to this complete document when referencing Goudlock's Amended Complaint.

[2] This Report & Recommendation refers to Defendants collectively, although Goudlock's Amended Complaint contains some allegations directed against the Defendants collectively and some directed against individual Defendants.

*Balisok*, 520 U.S. 641 (1997)) (prisoner's § 1983 claim that prison officials were deceitful and biased during his disciplinary hearing not cognizable because it necessarily implies the invalidity of his punishment imposed by the prison officials).

The Sixth Circuit has issued a number of opinions, most of them unpublished, applying *Heck* to prisoner claims brought under § 1983. In *Denham v. Shroad*, 56 Fed. App'x 692, 693 (6th Cir. Jan. 28, 2003), a prisoner was convicted in a prison disciplinary proceeding of major misconduct for assault and battery. He thereafter brought a § 1983 action alleging that corrections officers assaulted him without provocation. *Id*. The Sixth Circuit concluded that the prisoner's § 1983 claim was not cognizable because granting his requested relief would call into question the validity of his disciplinary conviction, explaining, "A prisoner found guilty in a prison disciplinary hearing cannot use § 1983 to collaterally attack the hearing's validity or the conduct underlying the disciplinary conviction." *Id*. (citing *Huey v. Stine*, 230 F.3d 226, 230–231 (6th Cir. 2000)). In *Jennings v. Mitchell*, 93 Fed. App'x 723, 725 (6th Cir. 2004), the Sixth Circuit affirmed the district court's grant of summary judgment to defendants on the merits of the prisoner's § 1983 claim, and, alternatively, because a favorable ruling on the plaintiff's claim that he was pepper-sprayed without justification would imply the invalidity of his disciplinary conviction for disobeying a direct order to sit on his bunk and face the wall. *See also Lewis v. Pendell*, 90 Fed. App'x 882, 883 (6th Cir. 2004) (prisoner convicted of misconduct for fighting with another inmate; the prisoner's § 1983 claim, that prison officials brought the misconduct charge in retaliation for his use of the prison grievance system and because of his race, was not cognizable because a favorable ruling on his claim would imply the invalidity of his disciplinary conviction); *Beckham v. Keaton*, 2015 WL 1061597, at * 5-6 (E.D.Ky. March 10, 2015) (prisoner may only bring his § 1983 claim if his prison disciplinary conviction is invalidated).

3

However, not all Eighth Amendment claims brought by prisoners who have been convicted of disciplinary violations are barred by *Heck*. This is made clear by Nelson v. Sharp, 1999 WL 520751 (6th Cir. July 14, 1999) (unpublished). In *Nelson*, the Sixth Circuit made a distinction between Eighth Amendment claims that are barred by *Heck* and those that are not. In *Nelson*, a prison guard instructed the prisoner to remove his hand from the food slot opening in his cell door. *Id.* at *1. The prisoner did not remove his hand. *Id*. The guard "purposely slammed [the] food slot door on his hand and leaned on the door in order to injure Nelson's hand, then issued a false misconduct report to Nelson." *Id*. The guard argued that Nelson's Eighth Amendment excessive force claim was barred by *Heck* because the prison disciplinary system found that the prisoner had refused a direct order to remove his hand and permitting the prisoner's § 1983 claim to go forward would imply the invalidity of that conviction. *Id.* at *2. The Court concluded that *Heck* did not bar the prisoner's claim that the guard used excessive force, explaining,

> With respect to plaintiff's Eighth Amendment claim against [the guard], however, there is a genuine issue of material fact. [The guard] defends on the grounds that the prison disciplinary system correctly held that [plaintiff] had refused a direct order to remove his hand from the food slot, and therefore allowing plaintiff's claim to proceed would be an improper relitigation of his disciplinary conviction, citing *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 117 S.Ct. 1584, 1586-89 (1997). However, the question of the degree of force used by the prison guard is analytically distinct from the question of whether [plaintiff] violated prison rules by keeping his hand in the food slot and thus preventing [the guard] from properly closing the food slot. For example, [plaintiff's] violation presumably would not have justified the guard in hacking off the offending hand with an ax, or spraying the cell with sub-machine gun fire through the food slot. Although [the guard's] actions were clearly not of such an outrageous character, at this stage it is not beyond the realm of possibility that [plaintiff] can prove that [the guard] violated his Eighth Amendment rights by slamming the food slot door on his hand in such a manner as to inflict unnecessary pain in a wanton manner, not justified by prison necessity or the degree of violation.

*Id*.

4

After *Nelson*, the Sixth Circuit issued a published decision, *Huey v. Stine*, 230 F.3d 226, 230–231 (6th Cir. 2000), in which it applied *Heck* and distinguished *Nelson* to bar an Eighth Amendment claim that also involved a cell door food slot. Plaintiff Huey alleged that, after an argument with a guard while being escorted from the showers to his cell, he presented his hands to the guard through his cell door food slot to be uncuffed and the guard grabbed his hand and twisted his arm. *Id*. at 227. He accused the guard of filing a false misconduct report. *Id*. at 228. A hearing officer believed the guard's story—that he twisted Huey's arm because Huey attempted to grab the guard's handcuff key—and found Huey guilty of assault and battery. *Id*.

The Court considered past unpublished Sixth Circuit opinions as well as United States Supreme Court decisions and opinions from other circuits and summed up the consensus: *Heck* does not bar Eighth Amendment claims, "but if the claim is founded solely on an allegation that a corrections officer falsified a misconduct report, then *Heck* applies." *Id*. at 228-231. The Court found that Huey's claim was distinguishable from the prisoner's claim in *Nelson*. The Court explained that Huey's claim was based solely on his allegation that the corrections officer's action—twisting his arm—was cruel and unusual punishment because Huey "had done nothing wrong and he therefore should not have been punished at all." *Id*. Thus, the Court concluded that granting relief on Huey's claim would call into question the validity of the prison's disciplinary findings, which found that Huey attempted to grab the key from the guard, and which is forbidden by *Heck*.

In *Muhammad v. Close*, 540 U.S. 749 (2004), the United States Supreme Court reversed a ruling by the Sixth Circuit that prisoner plaintiff Muhammad's § 1983 claim was barred by *Heck*. Muhammad claimed that, after he had an altercation with a prison guard, the guard charged him with "threatening behavior" and subjected him to mandatory lock-up prior to his hearing in retaliation for Muhammad having filed prior grievances and lawsuits against the

5

guard. *Id*. at 752-753. After the hearing, Muhammad was found guilty of insolence, a misdemeanor that did not require a prisoner to be locked up prior to the hearing. *Id*. at 752. The Supreme Court observed that the Sixth Circuit in *Muhammad* relied on its prior published opinion in *Huey*. *Id*. at 753-754. The Court stated that the Sixth Circuit's decision in *Muhammad* "was flawed as a matter of fact and as a matter of law." *Id*. at 754. The factual error was the Sixth Circuit's assumption that Muhammad sought to expunge the misconduct charge from his prison record, which "overlooked the amended complaint that sought no such relief." *Id*. The legal error was the view that "*Heck* applies categorically to all suits challenging prison disciplinary proceedings." *Id*. The Court found that *Heck* did not bar Muhammad's claim because his claim did not challenge his ultimate conviction for the lesser charge, insolence, or the state's calculation of his time served. *Id*. at 754-755. Instead, Muhammad's claim, as to which the rule in *Heck* was inapplicable, was that the guard retaliated against him when he charged Muhammad with a greater offense that carried with it mandatory pre-hearing detention. *Id*. at 755.

### III.

Goudlock's factual allegations supporting his Eighth Amendment claims fall into two categories: pre- and post-handcuffing. In the first category, he alleges that Defendants, *without provocation*, pepper-sprayed him, punched and kneed him, and then handcuffed him. Doc. 20-2, pp. 5-6, ¶¶14-15 (emphasis added). The RIB held a hearing regarding the incident and recommended that Goudlock be found guilty of violating Rules 20 and 21—disobeying a direct order and physical resistance to a direct order—when he did not go to the back of his cell as directed but instead turned in an aggressive manner towards Defendants. *See* Doc. 91-11 (RIB audio transcript), Doc. 99, p. 3. Goudlock was found guilty of these charges and this finding has not been invalidated. *See* Doc. 91-22.

6

Because Goudlock was found guilty of violating a direct order and physical resistance to a direct order, his claims that Defendants acted without provocation would imply the invalidity of his conviction. Thus, the undersigned recommends that the Court determine that Goudlock's § 1983 claims regarding Defendants' actions prior to handcuffing him are not cognizable. *See Heck*, 512 U.S. at 486; *Edwards*, 520 U.S. 641; *Muhammad*, 540 U.S. at 7554-755; *Huey*, 230 F.3d at 230–231.[3]

## IV.

Goudlock's excessive force claim that is based on Defendants' actions after he was handcuffed (Doc. 20-2, p. 6, ¶15) compels a different conclusion. This claim is not barred by *Heck*. Granting relief on this claim would not imply the invalidity of Goudlock's misconduct conviction because he was not charged or convicted based on events occurring after he was handcuffed. *See Heck*, 512 U.S. at 487 ("if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed"); *see also Smith v. City of Hemet*, 394 F.3d 689, 698 (9th Cir. 2005) ("Under *Heck*, Smith would be allowed to bring a § 1983 action, however, if the use of excessive force occurred *subsequent* to the conduct on which his conviction was based." (emphasis in original)).

The Sixth Circuit, in an unpublished opinion, recently explained the difference between an excessive force claim challenging the validity of a prior conviction (barred by *Heck*) and one alleging excessive force occurring after the plaintiff has been handcuffed (not barred by *Heck*). In *Parvin v. Campbell*, 2016 WL 97692 (6th Cir. Jan. 8, 2016), a police officer, after being notified of a domestic dispute, arrived at a residence inhabited by the plaintiff and his wife. *Id.*

---

[3] Goudlock appears to concede this conclusion. His brief does not argue that his claims alleging that Defendants used excessive force before he was handcuffed is not barred by *Heck*. He argues only that his excessive force claim based on Defendants' acts after he was handcuffed is not barred by *Heck*. *See* Doc. 99.

at *1. Upon entering the home, the officer wished to separate the couple and asked the plaintiff to step outside. *Id*. at * 1-2. The plaintiff refused. *Id*. The plaintiff alleged that the officer: instructed him to turn around to be handcuffed; "in a split second" placed him "in some type of police move/hold" and violently slammed him onto the stone floor; pepper sprayed his face; and handcuffed him and placed him in the police cruiser. *Id*. at *1. The plaintiff was thereafter charged with domestic assault and resisting arrest. *Id*. at *2. The domestic assault charge was dropped but he was found guilty of resisting arrest and sentenced to six months in prison. *Id*. He appealed his conviction and the state court of appeals affirmed. *Id*.

The plaintiff thereafter filed a complaint in federal court alleging excessive force and false arrest pursuant to § 1983. *Id*. The district court granted summary judgment to the officer. *Id*. at *3.[4] The Sixth Circuit affirmed, pursuant to the rule in *Heck*, and explained,

> .... For *Heck* to bar a § 1983 claim, success on the claim must necessarily imply the invalidity of the conviction. Accordingly, both the § 1983 claim and the conviction must arise out of the same events. *See Cummings*, 418 F.3d at 682-83 (finding that the "struggle between [the plaintiff] and the officers gave rise to both [the plaintiff's] assault conviction and the excessive force claim, and the two are inextricably intertwined.") <u>On the other hand, an excessive force claim is not barred when the alleged use of force occurred after the suspect was handcuffed and brought under control</u>. *See Coble v. City of White House*, 2009 WL 2850764, at *8-9 (M.D. Tenn. Aug. 29, 2009), *rev'd on other grounds*, 634 F.3d 865 (6th Cir. 2011). In such a case, the force would not be "inextricably intertwined" with the suspect's resistance to arrest.
>
> This case falls much closer in that spectrum to the *Cummings* situation. Parvin made no effort to argue excessive force after arrest to the district court, nor does he do so on appeal. Both Parvin's and Campbell's versions of facts describe Parvin being handcuffed after he was pepper-sprayed. Parvin specifically argues that Campbell used excessive force before he was handcuffed. Therefore, under our prior holdings, Parvin's excessive force claim arises out of the same conduct that led to his conviction.

*Parvin*, 2016 WL 97692, at * 4-5 (emphasis supplied).

---

[4] The district court did not apply *Heck*, despite the defendant raising the issue, because Parvin's state court appeal was still pending. *See Parvin v. Campbell*, Case No. 1:13-cv-00191HSM-WBC (E.D. Tenn), Doc. No. 32, p. 7, n. 6.

Goudlock, unlike the plaintiff in *Parvin*, alleges that Defendants used excessive force against him after they handcuffed him. This claim does not challenge the factual determination that underlies his conviction, which was based on his conduct prior to being handcuffed.[5] If Goudlock prevails on this claim, it will have no bearing on the RIB's finding that he disobeyed Defendants' orders or on the validity of the RIB's finding. *Heck*, 512 U.S. at 487; *Muhammad*, 540 U.S. at 754; *Huey*, 230 F.3d at 230–231. While Defendants argue that Goudlock's claims are barred by *Heck* because the relief requested in his Complaint "illustrates that he does want this Court to reconsider his RIB guilty finding" (Doc. 100, p. 6), Goudlock does not in fact seek that relief. Goudlock's Amended Complaint, as filed, was missing page six, which contains his prayer for relief. *See* Doc. 20-1. He thereafter corrected his incomplete submission. *See* Doc. 20-2 (Amended Complaint, including the previously missing page six). His prayer for relief requests the following: at least $50,000 in compensatory damages, at least $50,000 in punitive damages, and recovery of costs (Doc. 20-2, p. 8). Contrary to Defendants' contention, he does not seek a reversal of his RIB finding of guilt.

Accordingly, Goudlock's claim that Defendants used excessive force against him when they hit and kneed him after he was handcuffed is not barred by *Heck*.

---

[5] The RIB found Goudlock guilty based on Blankenship's conduct report, the last event recited in that report being Goudlock "cuffed and secured in his cell." Doc. 91-5 (Blankenship's Conduct Report). In other words, the RIB determination was based on a report that contained no information as to what occurred after Goudlock was handcuffed and no charge against him based on any post-handcuffing activity was asserted.

9

## V.

For the reasons explained above, the undersigned recommends that the Court determine that Goudlock's Eighth Amendment excessive force claims that are based on actions Defendants took before they handcuffed him are not cognizable and that his claim that is based on actions Defendants took after they handcuffed him is cognizable.

Dated:  April 19, 2016

Kathleen B. Burke
United States Magistrate Judge

## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  See also *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).