UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JASON WILLIAM GOUDLOCK, | ) | CASE NO. 1:13-cv-1215 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | |
| DANA BLANKENSHIP, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on the partial objection of defendants to the Report and Recommendation ("R&R") of Magistrate Judge Kathleen Burke. (Doc. No. 105 ["Obj."].) No response to defendants' objection has been filed by plaintiff.

Also before the Court is defendants' motion for summary judgment with respect to plaintiff's Eighth Amendment claim excessive force claim, which the Court previously denied without prejudice pending additional briefing. (Doc. No. 96 (Memorandum Opinion and Order ["MOO"]) at 710-11.[1])

For the reasons that follow, defendants' objection to the R&R is overruled, and defendants' motion for summary judgment on plaintiff's Eighth Amendment excessive force claim is GRANTED.

---

[1] All references to page numbers are to the page identification numbers generated by the Court's electronic docketing system.

## I. BACKGROUND

The factual background of this case is detailed in the Court's memorandum opinion and order granting defendants' motion for summary judgment in part, and denying the motion in part, without prejudice. Familiarity therewith is assumed. (*See id.* at 703-04.) Briefly, plaintiff Jason William Goudlock ("plaintiff" or "Goudlock") alleges in his amended complaint that defendants violated his constitutional rights under the Eighth Amendment to be free from cruel and unusual punishment on April 12, 2013, in connection with events arising from defendants' investigation of the theft of a television. (Doc. No. 20-2[2] (Verified Amended Complaint[3] ["AC"]) ¶¶ 11-12.) On that date, plaintiff was confined at the Mansfield Correctional Institution ("MCI") and all of the defendants—Dana Blankenship ("Blankenship"), Matthew Neubacher ("Neubacher"), Justin Henry ("Henry"), Jamihia Young ("Young"), Keirra Belcher ("Belcher"), and Ronald Lodwick ("Lodwick") (collectively "defendants")—were correctional officers at MCI. (*Id.* ¶¶ 4-9.)

Plaintiff alleges that Neubacher entered his cell on April 12, 2013, and, unprovoked, sprayed him with mace.[4] (*Id.* ¶ 14.) After being sprayed, plaintiff alleges that various defendants repeatedly punched him in the head and torso both before and after plaintiff was handcuffed, and that after he was handcuffed, one of the officers hit his head on the bed frame. (*Id.* ¶¶ 14-15.) Plaintiff claims that defendants' actions violated his rights under the Eight Amendment to be free

---

[2] Plaintiff's amended complaint, filed at Doc. No. 20-1, has pages missing and is incomplete. The amended complaint filed at Doc. No. 20-2 is complete, and the Court will refer to this complete document when referencing plaintiff's amended complaint.

[3] A verified amended complaint carries the same weight as an affidavit for purposes of summary judgment analysis. *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (citing *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993)).

[4] In the pleadings and documents filed in connection with defendants' summary judgment motion, this chemical agent is also referred to as "pepper-spray" and "OC."

from excessive force and caused pain and suffering. (AC ¶¶ 20-21.)[5] The parties disagree regarding the facts that transpired both before and during these events, but there is no dispute that as a result of this incident, MCI's Rules Infraction Board ("RIB") conducted a hearing and plaintiff was found guilty of violating a direct order and resistance of a direct order.

Defendants moved for summary judgment on plaintiff's excessive force claim with respect to defendants' actions before and after he was handcuffed, both as a matter of law and on the basis of qualified immunity. The Court denied the motion without prejudice, and ordered additional briefing, because the parties' briefs did not address the issue of whether plaintiff's Eighth Amendment claim brought under 42 U.S.C. § 1983 was cognizable. (MOO at 710-11.) Defendants timely filed their brief, arguing that plaintiff's Eighth Amendment excessive force claim was not cognizable, and that summary judgment should be granted on that basis. (Doc. No. 98 ["Def. Brief"] at 722-27.) Plaintiff filed a brief in opposition (Doc. No. 99 ["Pl. Opp'n"]), to which defendants replied (Doc. No. 100 ["Def. Reply"]).

The Court then referred the matter to the magistrate judge for a report and recommendation regarding the issue of whether plaintiff's Eighth Amendment excessive force claim was cognizable (Doc. No. 102), and the R&R was issued (Doc. No. 104 ["R&R"]). As noted above, defendants filed a partial objection to the R&R, to which plaintiff filed no response. Plaintiff did not file an objection to the R&R.

---

[5] Plaintiff's amended complaint also alleges that Blankenship falsified a report regarding the incident, and violated plaintiff's Eighth Amendment rights because she did not intervene in Neubacher's "misconduct." (AC ¶¶ 16, 19.) The Court previously granted defendants' motion for summary judgment with respect to those claims. (MOO at 711-15.)

## II. DISCUSSION

### A. Objections to R&R

#### 1. Standard of Review

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party."). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

#### 2. Report and Recommendation

Plaintiff alleges that defendants used excessive force against him in violation of the Eighth Amendment under § 1983, both before and after he was handcuffed. (AC ¶¶ 14-15.) With respect to plaintiff's excessive force allegation before he was handcuffed, plaintiff was found guilty of violating MCI Rules 20 and 21—disobeying a direct order and physically resisting a direct order, and that finding has not been invalidated. The magistrate judge recommends that the Court find those claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), and its progeny, because plaintiff claims that defendants' actions before he was handcuffed were without provocation, and granting plaintiff the relief requested would

4

imply the invalidity of plaintiff's prison rules violation conviction. (R&R at 759-60.)[6]

With respect to plaintiff's excessive force claim after he was handcuffed, the magistrate judge makes the opposite recommendation. In so doing, the magistrate judge reasons that even if plaintiff were successful with respect to his post-handcuffing excessive force claim and the Court granted relief, that result would not imply the invalidity of the RIB's finding that plaintiff violated prison rules because plaintiff was not charged or found guilty of rule violations based on events that occurred after he was handcuffed. (*Id*. at 760-62.) Thus, the magistrate judge recommends that the Court find plaintiff's post-handcuffing excessive force claim is not barred by *Heck* and its progeny.

### 3. Defendants' objection

Neither party objects to Magistrate Judge Burke's recommendation that plaintiff's claim of excessive force under § 1983 before he was handcuffed is not cognizable. The Court has reviewed the magistrate judge's analysis, and accepts the recommendation. Accordingly, the Court finds that plaintiff's § 1983 Eighth Amendment excessive force claim before he was handcuffed is not cognizable and is barred by *Heck*.

Defendants object to the magistrate judge's recommendation that plaintiff's excessive force claim after he was handcuffed is not barred by *Heck*. According to defendants, the magistrate judge erred because:

> Contrary to the Magistrate Judge's Report and Recommendation, as Plaintiff was found guilty of Physical Resistance of a Direct Order during an incident where Plaintiff's detainment was a direct result from, and immediate with, the underlying offense, granting Plaintiff's requested recovery would necessarily imply that the invalidity of Plaintiff's disciplinary conviction in violation of *Heck*

---

[6] Plaintiff appears to concede this conclusion, as plaintiff does not argue in his brief that his claim for excessive force before he was handcuffed is barred by *Heck*. Rather, plaintiff argues only that his excessive force claim based on defendants' actions *after* he was handcuffed is not barred by *Heck*. (*See* Pl. Opp'n.)

> and its progeny. While the Magistrate Judge's Report and Recommendation attempted to make a distinction between the alleged actions of Defendants prior to, and after, the handcuffing of Plaintiff, the physical resistance of Plaintiff did not end the instant that he was handcuffed. (Doc 91-8 at 3) ("I applied cuffs to his left wrist. He kept being combative!"); (Doc. 87; Ex 5 ¶ 16) (Plaintiff was not struck after being handcuffed); (Doc 1 at 4) ("I heard her, nearby, yelling at the top of her lungs for me to 'stop resisting' while I was already handcuffed on the floor being beat.").

(Def. Obj. at 764-65.)

Defendants' objection is overruled. Even if plaintiff continued his physical resistance after he was handcuffed, that was not part of the factual bases before the RIB and upon which plaintiff was found guilty of violating MCI Rules 20 and 21. (*See* Doc. No. 91-11 (Transcript of RIB Proceedings ["TR"]) at 573-74.) In his amended complaint, plaintiff does not seek reconsideration of, or to overturn, his rules violation conviction by the RIB. (*See* AC at 300.) Even if plaintiff were to prevail on his post-handcuffing excessive force claim, a judgment in plaintiff's favor would not imply the invalidity of his conviction by the RBI for violating MCI Rules 20 and 21 with respect to plaintiff's pre-handcuffing conduct. *See Heck*, 512 U.S. at 486-87; *Parvin v. Campbell*, No. 15-5566, 2016 WL 97692, at *4-*5 (6th Cir. Jan. 8, 2016); *Smith v. City of Hemet*, 394 F.3d 689, 698 (9th Cir. 2005) ("Under *Heck*, Smith would be allowed to bring a § 1983 action, however, if the use of excessive force occurred *subsequent to* the conduct on which his conviction was based.") (emphasis in original); *Mitchell v. City of Ypsilanti*, No. 06-11547, 2007 WL 2259117, at *5 (E.D. Mich. Aug. 3, 2007) (Plaintiff's claim that he was pepper-sprayed after being handcuffed was not inextricably intertwined with a conviction of obstructing an officer and not barred by *Heck*.) Therefore, the Court accepts the magistrate judge's recommendation, and the Court finds that plaintiff's Eighth Amendment claim for excessive force under § 1983 after he was handcuffed is not barred by *Heck* and its progeny.

**B. Summary Judgment Standard**

A motion for summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1). General averments or conclusory allegations of an affidavit do not create specific fact disputes for summary judgment purposes. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990). The Court is not required to search the record to determine if it is bereft of a genuine issue of material fact. *Chicago Title Ins. Corp. v. Magnuson*, 487 F.3d 985, 995 (6th Cir. 2007) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989)); *see* Fed. R. Civ. P. 56(c)(3).

The district court's review on summary judgment is a threshold inquiry to determine whether there is the need for a trial due to genuine factual issues that must be resolved by a finder of fact because those issues may reasonably be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Summary judgment is required:

> against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party bears the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is entitled to judgment as a matter of law because the nonmoving party has failed to make a sufficient showing of an essential element of [his] case with respect to which [he] has the burden of proof.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (internal quotation marks and citation omitted).

### 1. Eighth Amendment excessive force claim—pre-handcuffing

The Court previously denied without prejudice defendants' motion for summary judgment with respect to plaintiff's Eighth Amendment claim for excessive force before he was handcuffed pending a determination as to whether this claim was barred by *Heck*. Having concluded that plaintiff's pre-handcuffing claims are so barred, defendants are entitled to judgment as a matter of law with respect to plaintiff's pre-handcuffing Eighth Amendment excessive force claim. *See Hicks v. Barberton Police Dep't*, No. 5:11CV76, 2012 WL 5833565, at *5 (N.D. Ohio Nov. 15, 2012).

### 2. Eighth Amendment excessive force claim—post-handcuffing

Having determined that plaintiff's post-handcuffing excessive force claim is not barred by *Heck*, the Court will now rule on defendants' motion for summary judgment with respect to that claim. Before the Court ordered further briefing, defendants' summary judgment motion was fully briefed.[7]

As a prison inmate, Goudlock has a constitutional right under the Eighth Amendment to be free from excessive force by prison officials. *Perkins v. Alexander*, No. 5:08-CV-2034, 2009 WL 3489908, at *4 (N.D. Ohio Oct. 22, 2009) (the Eighth Amendment sets the standard for a convicted prisoner's excessive force claim) (citing *Whitley v. Albers*, 475 U.S. 312, 318-19, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986)). The standard used to analyze "excessive force" claims

---

[7] Defendants' motion for summary judgment (Doc. No. 87 ["Mot."]) was opposed by plaintiff (Doc. No. 91 ["Opp'n"]), to which defendants replied (Doc. No. 92 ["Reply"]).

under the Eighth Amendment requires the Court to determine whether the officer acted in a good faith effort to maintain or restore discipline, or whether he or she acted maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (citations omitted); *Wilkins v. Gaddy*, 559 U.S. 34, 38, 130 S. Ct. 1175, 175 L. Ed. 2d 995 (2010) (citations omitted); *Perkins*, 2009 WL 3489908, at *4 (quoting *Whitley*, 475 U.S. at 319).

> The Eighth Amendment prohibits the imposition of cruel and unusual punishments upon prisoners. But not every shove or restraint gives rise to a constitutional violation. On occasion, the maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law. Prison officials nonetheless violate the Eighth Amendment when their offending conduct reflects an unnecessary and wanton infliction of pain. There is an objective component and a subjective component to an Eighth Amendment claim. First, the subjective component focuses on the state of mind of the prison officials. We ask whether force was applied in a good–faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Second, the objective component requires the pain inflicted to be sufficiently serious. This component requires a contextual investigation, one that is responsive to contemporary standards of decency. While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred. When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury.

*Daniels v. Mahone*, CASE NO. 1:14 CV 2753, 2016 WL 1435926, at *4 (N.D. Ohio Apr. 12, 2016) (quoting *Cordell v. McKinney*, 759 F.3d 573, 580–81 (6th Cir. 2014) (internal citations and quotation marks omitted)); *see also Hudson*, 503 U.S. at 7 (Although prison officials may often be required to use physical contact to ensure prison security, they can violate the Eighth Amendment if the contact represents an "unnecessary and wanton infliction of pain[.]")

9

The parties dispute whether defendants punched and kneed plaintiff after he was handcuffed. In plaintiff's verified amended complaint and affidavit, Goudlock states that defendants used force against him after he was handcuffed, and struck his head against the bed frame. (AC ¶ 15; Doc. No. 91-17 (Affidavit of Jason Goudlock ["Goudlock Aff."]) ¶ 6.) Defendant Henry denies this allegation. (Doc. No. 87-5 at 481, ¶ 16.) Indeed, plaintiff's amended complaint suggests a fact dispute regarding the alleged post-handcuffing conduct. (AC ¶ 15 ("[W]hile I was on the floor handcuffed, I heard [Officer Blankenship] nearby yelling at the top of her lungs for me to 'stop resisting,' in spite of the fact that I was laying on the floor being beat, not resisting, whatsoever.").)

For purposes of summary judgment, the Court accepts as true plaintiff's claim that defendants used force after he was handcuffed, but plaintiff has produced no evidence in response to defendants' summary judgment motion that the force used was more than *de minimis*. "[A]n excessive-force claimant must show something more than *de minimis* force." *Leary v. Livingston Cnty.*, 528 F.3d 438, 443 (6th Cir. 2008) (citing, among authorities, *Hudson*, 503 U.S. at 9-10). A "significant injury" is not a threshold requirement for an excessive force claim. *Wilkins*, 559 U.S. at 37 (quoting *Hudson*, 503 U.S. at 7). While an inmate is not required to suffer a serious injury in order to maintain an excessive force claim, the seriousness of the inmate's injuries may be considered in determining whether the force used was wanton and unnecessary. *Hudson*, 503 U.S. at 7 (citing *Whitley,* 475 U.S. at 321).

There is no evidence in the record that plaintiff suffered a discernible injury from any force applied by defendants after he was handcuffed. In his amended complaint, plaintiff claims no specific injury, but states that he experienced pain and suffering:[8]

> 21. Defendants, Justin Henry, Jamihia Young, Kierra Belcher, and Ronald Lodwick, as well as Dana Blankenship, by wantonly physically assaulting Plaintiff Goudlock, violated Plaintiff Goudlock's Eighth Amendment to the United States Constitution, causing Plaintiff pain and suffering.

(AC ¶ 21.)[9]

After the incident on April 12, 2013, it is undisputed that plaintiff was taken to the prison infirmary where he was examined by a nurse. (Doc. No. 87-1 (Medical Exam Report ["ME Report"]).) According to the report, Goudlock complained that "I can't see," and the report reflects that plaintiff's sclera was red. (*Id.*) Plaintiff's eyes were flushed, his face wiped off, and he was placed in fresh air. (*Id.*; Goudlock Aff. ¶ 7.) No injuries beyond redness to the eyes from the chemical spray were noted by the nurse in the report. Goudlock avers that "I attempted to tell the nurse that I had just gotten beaten by officers, but the nurse ignored everything I was saying, and, instead, listened to the diagnostic opinion of the officer who escorted me to the infirmary and told the nurse that I had gotten pepper-sprayed." (Goudlock Aff. ¶ 7.) But Goudlock does not dispute the nurse's assessment of his injuries or advance evidence that the report is inaccurate or

---

[8] Paragraph 20 of the amended complaint alleges pain and suffering associated with the spraying of mace by defendant Neubacher. This allegation of injury is associated with plaintiff's pre-handcuffing claim, which the Court has determined to be barred by *Heck*, and is not relevant to any alleged injuries sustained by plaintiff as a result of defendants' actions after plaintiff was handcuffed.

[9] The amended complaint alleges that these defendants punched and kicked him both before and after he was handcuffed, so it is unclear whether the pain and suffering alleged is associated with either of both of the alleged beatings. (*See* AC ¶¶ 14-15.) The Court will assume for purposes of summary judgment that the pain and suffering alleged in paragraph 21of the amended complaint is associated with defendants' actions after plaintiff was handcuffed.

incomplete with respect to the description of his injuries.[10] (*See id.* ¶ 7.)

In opposing defendants' summary judgment motion, Goudlock states in his verified brief that he was not "seriously injured" and that his injuries were "temporar[y]." (Opp'n at 531-32.) Goudlock maintains he "suffered contusions," but there is no evidence in the record of injury beyond the effects of the pepper spray, which was applied before he was handcuffed. There is also no evidence that Goudlock sought treatment for contusions or that he was denied medical treatment. In two "kites" Goudlock filed on the record in support of his opposition to defendants' motion, plaintiff complains that he was denied a shower and adequate clothing, but does not state that he sought medical care or was denied medical care for contusions. (Doc. Nos. 91-19 and 91-20.) Similarly in a grievance filed with MCI, plaintiff complains that he was denied showers, clothes, legal property, and access to the courts and the Ohio Highway Patrol, but makes no mention of seeking treatment for contusions or that medical treatment was denied. (Goudlock Aff. ¶ 10.)

Even assuming that defendants used some force against plaintiff after he was handcuffed, plaintiff has produced no evidence of a discernible injury. In the absence of any evidence of a discernible injury, plaintiff cannot show that defendants' use of force was more than *de minimis*, and no reasonable jury could conclude based upon the undisputed facts that the pain and suffering inflicted by defendants was "'sufficiently serious' to offend 'contemporary standards of decency.'" *Cordell*, 759 F.3d at 585 (quoting *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)). *See Daniels*, 2016 WL 1435926, at *5 (defendant's motion for summary judgment

---

[10] Plaintiff only disputes the content of the report with respect to a statement allegedly made by plaintiff that: "they didn't know who they're messing with." Plaintiff disputes that he made this comment and that the nurse "fabricated" the report. (Opp'n at 526, ¶ I.)

granted on plaintiff's excessive force claim where there is "no evidence of injury, *de minimis* or otherwise"); *Rogers v. Shostak*, No. 1:14CV213, 2015 WL 3604057, at *7-*9 (S.D. Ohio June 5, 2015) (plaintiff testified that defendant punched him "hard" in the chest, but summary judgment was appropriate on excessive force claim in the absence of evidence of a discernible injury or evidence that the force used was more than *de minimis*); *Harrison v. Gregg*, No. 1:12-CV-005, 2013 WL 5353188, at *8-*9 (S.D. Ohio Sept. 24, 2013) (summary judgment appropriate where inmate alleged that he sustained two black eyes, bruises, lumps and a cut failed, but submitted no evidence to establish any injuries beyond burning eyes from application of mace and small cut noted by the nurse to establish that he suffered a discernible injury resulting from the use of force alleged), *report and recommendation adopted,* 2014 WL 1276153, at *3 (S.D. Ohio Mar. 27, 2014) ("[A]s the Magistrate Judge noted, the medical records in evidence show no discernible injury to Plaintiff, and therefore Defendants' actions constituted a *de minimis* use of force. Plaintiff has not provided any evidence which would contradict the medical records, which show that Plaintiff only suffered a small cut and complained of burning in his eyes from the mace."); *c.f. Dixon v. Neubacher*, No. 1:12 CV 1213, 2015 WL 1476776, at *18 (N.D. Ohio Mar. 31, 2015) (distinguishing *Harrison,* 2013 WL 5353188, at *8 on the grounds that plaintiff presented evidence of injuries).

Plaintiff's case is distinguishable from cases where, even though the injury may not have been significant, there was evidence of injury caused by the alleged excessive force, rendering summary judgment inappropriate. For example, in *Cordell,* plaintiff alleged that, after being handcuffed, defendant slammed him into a concrete wall. The medical record showed that Cordell immediately complained of head and neck pain and suffered a laceration that bled and

13

needed five stitches. *Cordell*, 759 F.3d at 583-84; *see also Johnson v. Perry*, 106 F. App'x 467, 468 (6th Cir. 2004) (per curiam) (plaintiff requested medical attention for bruising and nurse from prison health bureau noted abrasions of various sizes on his neck, left shoulder, and chest and a broken fingernail with dried blood underneath it); *Dixon*, 2015 WL 1476776, at *17 ("A medical examination report described Plaintiff as exhibiting swelling above the left ear, lacerations to the left side of the face, and a chest abrasion with some bleeding."); *Bryant v. Jackson*, No. 1:12-CV-00093, 2015 WL 344768, at *3 (M.D. Tenn. Jan. 16, 2015) ("The provider found Plaintiff to be alert and oriented, observed no physical injuries other than a small red area in the center of his chest, and prescribed no treatment."); *Stoutamire v. Joseph*, No. 1:11-cv-242, 2014 WL 2173304, at *1 (S.D. Ohio May 23, 2014) ("The objective medical findings were that Plaintiff had a visible 2.5 centimeter bump on the right side of his forehead and two edemas.")

In the above cases, there was *some* evidence of injury in the record. In this case, plaintiff's verified statements that he experienced "pain and suffering" and sustained "contusions" do not, by themselves, create a genuine issue of material fact where the record is devoid of support for plaintiff's conclusory allegations. *See Perkins*, 2009 WL 3489908, at *6. In the absence of discernible injury, or any evidence in the record that plaintiff was injured by defendants' actions after he was handcuffed, no reasonable jury could find by a preponderance of the evidence that plaintiff has established the objective component of his Eighth Amendment claim. Therefore, plaintiff cannot prove his excessive force claim regarding defendants' actions after he was handcuffed—which requires proof of both the objective and subjective components—and summary judgment is appropriate. *See Celotex,* 477 U.S. at 322-23. In the

14

absence of a constitutional violation, defendants are also entitled to qualified immunity and summary judgment on that basis. *See Marsilio v. Vigluicci*, 924 F. Supp. 2d 837, 855 (N.D. Ohio 2013) (The "threshold question" in a qualified immunity analysis is whether, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" (quoting *Saucier v. Katz,* 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001)).

### III. CONCLUSION

For all of the foregoing reasons, defendants' motion for summary judgment is GRANTED as to plaintiff's Eighth Amendment excessive force claim with respect to defendants' actions, both before and after he was handcuffed. The Court previously granted defendants' summary judgment motion with respect to all other claims alleged by plaintiff in his amended complaint. (*See* MOO.) Therefore, this case is dismissed in its entirety.

**IT IS SO ORDERED**.

Dated: July 11, 2016

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**